**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30182 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00079-BLW-1 |
| v. | |
| BRYAN MICHAEL HASKELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted July 10, 2019
Seattle, Washington

Before:  BERZON and WATFORD, Circuit Judges, and ROTHSTEIN,[**] District Judge.

The district court properly denied Bryan Haskell's motion to suppress the

shotgun found in his car.  Under *Rodriguez v. United States*, 135 S. Ct. 1609

(2015), police officers may not "measurably extend the duration of [a] stop" unless

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

the cause for the delay falls within the stop's "mission." *Id.* at 1615. Given the specific circumstances of this case, which are not those of a run-of-the-mill traffic stop, the officer's asking whether there was anything in the car he should be concerned about was reasonably related to his mission.

At the moment the officer asked Haskell about the contents of his car, the officer intended to leave Haskell with instructions to park the car in the neighboring middle school parking lot. Haskell, who police learned had been driving on a suspended license, could not himself drive the car home. Rather, he would have to contact someone to come and drive the car away. Because Haskell had not yet made any plans to have the car retrieved, the officers had no way of knowing how long the car would remain parked outside the school. Nor could the officers stay with the car until help arrived, given the snowy conditions and their need to leave the scene to attend to other accidents. As far as the police knew, it was possible that the car could be left in the school parking lot unattended for days. In that situation, the officer's concern as to the car's potentially dangerous contents and his request for consent to search the car fell permissibly within the scope of his mission. Since the officer's actions did not violate Haskell's Fourth Amendment rights, the district court correctly denied his motion to suppress.

**AFFIRMED.**